IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TAMIR BATZOGS, )
 )
               Petitioner, )
 )
v. )    Case No. 25-3127-JWL
 )
C. CARTER, Warden, FCI-Leavenworth, )
 )
               Respondent. )
 )
_____)

**MEMORADNUM AND ORDER**

Petitioner has filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his detention by immigration officials and the failure of those officials to make a custody decision upon their 180-day review. For the reasons set forth below, the Court **grants** the petition. Respondent shall release petitioner from custody on or before **August 29, 2025**, and shall provide notice to this Court when such release is effected.

**I.**    **Background**

Petitioner, a native of Mongolia, entered the country in 1997 and remained beyond the authorized period. In 2023 he was convicted in federal court of a firearm offense. On November 5, 2024, a final order of removal was entered, and on November 8, 2024, immigration officials took petitioner into custody at the conclusion of this federal sentence. On February 6, 2025, an immigration court granted petitioner's application for withholding of removal to Mongolia.

Petitioner filed the instant petition on July 7, 2025. In response to the Court's show-cause order, respondent argued solely that the petition was premature under the six-month presumptively-reasonable standard established by the Supreme Court in *Zadvydas*, based on tolling resulting from petitioner's application for withholding of removal. By Order of July 28, 2025, the Court concluded that respondent had not shown that the petition was premature even if tolling were applied, and it ordered respondent to address the merits of the petition under the *Zadvydas* framework. It also ordered respondent to address whether petitioner had been effectively denied a required custody review, as respondent had failed to address that claim. Respondent submitted a supplemental response, petitioner filed a reply brief, and the matter is thus ripe for review.

**II.     Analysis**

*A.     Violation of Custody Determination Requirement*

In his petition, petitioner noted that immigration officials had not yet made a determination on his 180-day Post-Order Custody Review (POCR) that took place in April 2025. Respondent concedes that no such determination has yet been made. Respondent further concedes that applicable regulations require such a determination to be made "as soon . . . as practicable" after the expiration of the 90-day removal period, and "as soon as possible" after a review, and that the reasons for any delay are to be documented in the alien's file. Respondent has not indicated that any such reasons for the delay in petitioner's determination have been documented.

Respondent does not dispute – and this Court agrees – that these regulations have been violated and that petitioner has effectively been denied the required review by the failure of officials to make a determination after more than three months. Respondent argues nevertheless – citing caselaw in support – that such violations do not provide a basis for petitioner's release from custody, but rather that petitioner would be entitled only to substituted process. Thus, it is clear that petitioner would at least be entitled in this case to an immediate determination of his custody status. The Court need not decide this claim, however, in light of its conclusion that petitioner should be released under the *Zadvydas* framework.

### B. *Application of* Zadvydas *Framework*

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that although an alien may not be detained indefinitely, the detention of an alien subject to a final order of removal for up to six months is presumptively reasonable in view of the time required to accomplish removal. *See id.* at 699-701. The Supreme Court further held that, beyond that six-month period, if the alien shows that there is "no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *See id.* at 701.

Respondent concedes that petitioner has now been detained beyond the presumptively-reasonable six-month period, based on petitioner's time in custody since November 8, 2025, after a final removal order. In addition, a period longer than six months has now passed since petitioner's withholding order, when immigration officials became aware that petitioner may not be removed to his native Mongolia but may only be removed

to a third country. Petitioner has provided evidence (which respondent does not dispute) that on February 7, 2025, officials made requests to three countries (Canada, Guatemala, and Belize), all of whom refused to accept petitioner; and that by March 24, 2025, officials had made a request to a fourth country (El Salvador), which also refused to accept petitioner. Respondent has submitted declarations stating that an official reached out to an ICE office in July 2025 to inquire about other possible destinations for petitioner, and that officials will continue efforts to identify third countries to which to remove petitioner; but respondent has not provided evidence or even suggested that any inquiry has actually been made to another country since March. Accordingly, based on the time that has passed since officials' multiple unsuccessful attempts to find a country to which to remove petitioner, the Court concludes that petitioner has met his burden under *Zadvydas* to show that there is no significant likelihood of removal in the reasonably foreseeable future.

Moreover, the Court concludes that the Government has failed to provide evidence to rebut that showing. In her supplemental response, respondent does not make any argument that removal in the reasonably foreseeable future is in fact likely; instead, respondent states only that she "leave[s] the resolution of the habeas petition to the Court's discretion under *Zadvydas*." Therefore, applying the Supreme Court's standard, the Court concludes that the continued custody of petitioner has become unreasonable, and petitioner is thus entitled to his release from custody.

Accordingly, the Court orders respondent to release petitioner from custody on or before **August 29, 2025**, subject to appropriate conditions of supervised release, *see*

*Zadvydas*, 533 U.S. at 700; and it further orders respondent to provide notice to this Court when that release has been effected.[1]

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted**, as set forth herein; respondent shall release petitioner from custody on or before **August 29, 2025**, and shall provide notice to this Court when such release is effected.

IT IS SO ORDERED.

Dated this 14th day of August, 2025, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[1] Respondent notes that petitioner did not name as a respondent any immigration official, and she cites *Kaliku v. United States Immigration and Customs Enforcement*, 2024 WL 4854523 (D. Kan. Nov. 21, 2024) (Lungstrum, J.), in which this Court noted that the respondents there had not explained how an Oklahoma state warden would have the power to release the petitioner if relief were granted. *See id.* at *1. The Court also noted in that case, however, that a majority of courts had held that the rule requiring the petitioner's immediate custodian to be the respondent does apply in immigration habeas cases. *See id.* (citing caselaw). In this case, petitioner has named his immediate custodian – a federal official – as respondent, and the Court is confident that that official and the United States Attorney's Office as her counsel will ensure that the Court's order is carried out.